UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
——————————————————————————

DONAHUE A. MILLER,

                        Petitioner,

            v.

CARL B. HUNT, Superintendent of
Groveland Correctional Facility,

                        Respondent.

——————————————————————————

**REPORT AND
RECOMMENDATION**


06-CV-177
(DNH/VEB)


## I. INTRODUCTION

Petitioner Donahue Miller, acting *pro se*, commenced this action seeking habeas

corpus relief pursuant to 28 U.S.C. § 2254.  Petitioner is an inmate at the Groveland

Correctional Facility.  In 2003, Petitioner entered a guilty plea in a New York State court on

the felony charge of Operating a Motor Vehicle While Under the Influence of Alcohol and

was sentenced to a term of imprisonment.  Petitioner contends that his conviction was

imposed in violation of his constitutional rights and should therefore be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue,

Chief United States District Judge, for a report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(A) and (B). (Docket No. 15).


## II. BACKGROUND

### A.    Facts

On February 14, 2003 and June 20, 2003, Petitioner was arrested for driving a motor

vehicle while intoxicated in Ulster County.  (P at 4, 6).[1]   At the time of these arrests, Petitioner had been convicted twice for driving while intoxicated in the previous ten years. (P at 4).

Thereafter, on July 30, 2003, an Ulster County Grand Jury returned Indictment Number 153-03, charging Petitioner for his February 14, 2003 conduct with two counts of Operating a Motor Vehicle While Under the Influence of Alcohol, in violation of New York Vehicle and Traffic Law ("VTL") § 1192.2/1193.1(c)(ii), §1192.3/1193.1(c)(ii), and one count of Aggravated Unlicensed Operation of a Motor Vehicle, in violation of VTL § 511.3(1)(i).

On August 7, 2003, an Ulster County Grand Jury returned Indictment Number 157-03 with respect to Petitioner's June 20, 2003 conduct, charging Petitioner with one count of Operating a Motor Vehicle While Under the Influence of Alcohol, in violation of VTL  § 1192.3/1193.1(c)(ii), and one count of Aggravated Unlicensed Operation of a Motor Vehicle, in  violation of VTL § 511.3(a)(i).

**B.    State Trial Court Proceedings**

On November 3, 2003, Petitioner plead guilty to two counts of Operating a Motor Vehicle While Under the Influence of Alcohol, before the Honorable J. Michael Bruhn, Ulster County Court Judge.  The plea was in satisfaction of both indictments.  (P at 2-7). Petitioner entered his plea with the understanding that he would receive concurrent sentences of two and one-third to seven years, and would pay a fine of two thousand dollars for each count, as well as having his drivers license revoked.  (P at 2).   On

---

[1]References preceded by "P" are to the transcript pages of Petitioner's plea colloquy proceedings held on November 3, 2003.

2

December 22, 2003, Petitioner was sentenced by Judge Bruhn in accordance with the plea agreement.  (S[2] at 9).

## C.    State Appellate Proceedings

Petitioner, proceeding *pro se*, appealed his conviction to the Appellate Division, Third Department, of the New York State Supreme Court. On appeal, Petitioner asserted the following seven points: (1) that the indictment was defective; (2) that the grand jury proceedings were prejudicial; (3) that counsel erred in failing to assure that Petitioner's plea was voluntary; (4) that Petitioner was denied due process and equal protection; (5) that Petitioner's sentence exceeded the plea bargain; (6) that the imposition of fines caused Petitioner to receive a "split sentence"; and (7) that Petitioner was denied due process in the appeals stage.

Petitioner also moved pursuant to CPL § 440.10 to vacate his conviction for (1) ineffective assistance of counsel; and (2) harsh and excessive sentence.  Judge Bruhn denied his motion on the grounds that his appeal was pending before the Appellate Division and that there were sufficient facts on the record for the Appellate Division to review his claims on direct appeal.

In a decision issued on April 28, 2005, the Appellate Division, Third Department, affirmed Petitioner's conviction and sentence.  People v. Miller, 17 A.D.3d 931 (3rd Dep't 2005).  Petitioner's application for leave to appeal to the Court of Appeals was denied on October 31, 2005.  People v. Miller, 5 N.Y.3d 854 (2005).

Thereafter, on May 23, 2005, Petitioner moved for a second time pursuant to CPL

---

[2]References preceded by "S" are to the transcript pages of Petitioner's sentencing proceedings.

§ 440.10.  This time, Petitioner asserted three grounds: (1) that the prosecution withheld exculpatory material; (2) that he was denied his right to testify before the grand jury; and (3) that he was deprived of his right to effective assistance of counsel.

On August 3, 2005, Petitioner's second § 440 motion was denied on the grounds that his claims were either unpreserved or had already been determined on appeal. Petitioner's application for leave to appeal was denied by the Appellate Division on December 2, 2005.

**D.  Federal Habeas Corpus Proceedings**

Petitioner, proceeding *pro se*, commenced this action on February 9, 2006, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1). Petitioner asserts eleven grounds in support of his Petition: (1) his Fourth Amendment right against illegal search and seizure was violated when his car was stopped without probable cause; (2) Petitioner was denied his right to confrontation at his preliminary hearing; (3) Petitioner was denied his right to testify before the Grand Jury; (4) the indictment is defective for listing prior offenses; (5) Grand Jury proceedings and indictments were defective as a result of prosecutor permitting perjured testimony; (6)[3] ineffective assistance of counsel; (7) court erred in assigning counsel from the same public defender's office to replace former counsel from the public defender's office; (8) prosecutor withheld evidence, causing an involuntary plea; (9) Petitioner was denied right to review pre-sentencing report;

---

[3]Petitioner has two "Ground Fives" listed in his Petition and no Grounds Six or Seven.  In the interest of clarity, this Court will label Petitioner's second "Ground Five" as "Ground Six" and proceed in numerical order from there.

(10) Petitioner was denied his right to contest the accuracy of the transcripts; and (11) prosecutorial misconduct for withholding of evidence in the form of a videotape. (Docket No. 1).

Respondent filed submissions in opposition on August 29, 2006.  (Docket Nos. 9, 10).  For the reasons that follow, the Court recommends that the Petition for habeas relief be DENIED.

## III. DISCUSSION

**A.     Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits."  28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001).  The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted).  The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA.  Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

5

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

While both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714, 715 n. 1 (2d Cir. 1997), AEDPA also requires a Petitioner to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application

6

must also be unreasonable." Id. at 411.  In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

**B.     Petitioner's Claims in Support of Original Petition**

As set forth above, Petitioner asserts eleven (11) claims in support of his petition for habeas corpus relief.  Respondent argues that Petitioner's first seven claims are waived by virtue of his voluntary guilty plea.  Therefore, this Court will address Petitioner's first seven claims in relation to his guilty plea.

**1.     Grounds One through Seven: Waived by Guilty Plea**

It is well-settled that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights. Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). These include the privilege against compulsory self-incrimination, the right to confront one's accusers, the right to a jury trial, the right to a speedy trial, and the right to require the prosecutor to prove the crime beyond a reasonable doubt. Id.; accord, e.g., Miller v. Angliker, 848 F.2d 1312, 1319 (2d Cir.), cert. denied, 488 U.S. 890, 109 S.Ct. 224, 102 L.Ed.2d 214 (1988).  As the United States Supreme Court has explained,

> [A] guilty plea represents a break in the chain of events which has preceded
> it in the criminal process. When a criminal defendant has solemnly admitted
> in open court that he is in fact guilty of the offense with which he is charged, he
> may not thereafter raise independent claims relating to the deprivation
> of constitutional rights that occurred prior to the entry of the guilty plea. He may
> only attack the voluntary and intelligent character of the guilty plea by showing
> that the advice he received from counsel was not within the standards set forth
> in McMann [v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d
> 763 (1970) ].

Tollett , 411 U.S. at 267; accord United States v. Coffin, 76 F.3d 494, 497 (2d Cir.1996) ("A

defendant who pleads guilty unconditionally while represented by counsel may not assert

independent claims relating to events occurring prior to the entry of the guilty plea. 'He may

only attack the voluntary and intelligent character of the guilty plea by showing that the

advice he received from counsel was not within [acceptable] standards.' ") (quoting Tollett,

411 U.S. at 267) (alteration in original)); see also United States v. Garcia, 339 F.3d 116,

117 (2d Cir.2003) ( per curiam ) ("It is well settled that a defendant who knowingly and

voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior

proceedings."); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir.1991) ("Generally a

knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating

to constitutional rights at issue prior to the entry of the plea.").

### a.    Ground One: Probable Cause

Petitioner's first claim is that his motor vehicle was stopped without probable cause

violating his Fourth Amendment right against illegal search and seizure.  Because the stop

of Petitioner's car occurred prior to the entry of his guilty plea and because it is a non-

jurisdictional issue, Petitioner's Fourth Amendment claim was waived by entry of his guilty

plea. LaMagna v. United States, 646 F.2d 775, 778 (2d Cir.1981)(stating that Fourth

Amendment claims are non-jurisdictional and waived by entry of guilty plea and cannot be

raised on collateral attack); <u>United States v. Coffin</u>, 76 F.3d 494, 497 (2d Cir.1996)(stating the same).   <u>See</u> <u>also</u>,   <u>White v. Sabourin</u>, 2002 WL 418023, *5; 2002 U.S. Dist. LEXIS 4864, *16 (S.D.N.Y. March 13, 2002)(Because "Fourth Amendment rights are non-jurisdictional, a knowing and voluntary guilty plea waives Fourth Amendment claims.") (citing <u>United States v. Arango</u>, 966 F.2d 64, 66 (2d Cir.1992) (holding that defendant's guilty plea waived his right to object to the constitutionality of the search of his van)). Accordingly, Petitioner's first claim with respect to probable cause should be DISMISSED.[4]

### b.    Ground Two: Preliminary Hearing

Petitioner's second claim is that he was denied his right to confrontation at his preliminary hearing prior to indictment.   Petitioner claims he never had the opportunity to confront his accuser.    However, because the preliminary hearing took place before Petitioner's indictment and entry of his guilty plea, he has also waived his right to appeal his plea of guilty.  <u>Tollett</u>, 411 U.S. at  267 (holding that the  right to confront one's accusers is waived by a petitioner's guilty plea); <u>see</u> <u>also</u>, <u>Miller v. Angliker</u>, 848 F.2d 1312, 1319 (2d Cir.) ("When a defendant pleads guilty, he waives ... the right to confront his accusers[.]"), cert. denied, 488 U.S. 890, 109 S.Ct. 224, 102 L.Ed.2d 214 (1988).

### c.    Ground Three: Right to Testify Before Grand Jury

In Petitioner's third claim for habeas relief, he asserts that his right to testify before the Grand Jury was violated by the prosecutor failing to call him as a witness.

However, as set forth above, after a judgment of conviction has been entered upon the defendant's plea of guilty, the defendant may not raise non-jurisdictional challenges to

---

[4]Moreover, it appears that this claim should be dismissed as it is procedurally barred because Petitioner failed to exhaust this claim in the state courts.

the indictment either on direct appeal or by collateral attack on federal habeas. Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987) (citations omitted).  As the Second Circuit has stated on many occasions, "[i]t is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge. Hayle, 815 F.2d at 881 (citation omitted); accord, e.g., United States v. Calderon, 243 F.3d 587, 590 (2d Cir.2001); United States v. Garcia, 339 F.3d 116, 117 (2d Cir.2003).

Furthermore, alleged errors in a state grand jury proceeding have been held to be not cognizable on federal habeas review.  In Lopez v. Riley, 865 F.2d 30, 32 (2d Cir.1989), the Second Circuit considered whether claimed errors in a grand jury proceeding, including insufficiency of the evidence to support the indictment and the prosecutor's failure to present exculpatory evidence, are cognizable in a habeas corpus proceeding. The Second Circuit held that such challenges to a state grand jury proceeding do not state a basis for federal habeas relief, finding dispositive the Supreme Court's holding in United States v. Mechanik, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). In Mechanik, the Supreme Court rejected defendants' constitutional attack on their federal grand jury proceeding, finding that

> the petit jury's subsequent guilty verdict means not only that
> there was probable cause to believe that the defendants were
> guilty as charged, but also that they are in fact guilty as charged
> beyond a reasonable doubt. Measured by the petit jury's verdict,
> then, any error in the grand jury proceeding connected with the
> charging decision was harmless beyond a reasonable doubt.

Id. at 70 (footnote omitted). Based on the above-quoted reasoning from Mechanik, the Second Circuit held in Lopez that "[i]f federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand

10

jury proceeding are a fortiori foreclosed in a collateral attack brought in federal court."
Lopez, 865 F.2d at 32.

Courts in this Circuit have held that Lopez's reasoning applies equally to a conviction based on a plea of guilty and accordingly have held that a defendant's guilty plea cured any possible deficiency in the grand jury proceeding. See, e.g., Hutchings v. Herbert, 260 F.Supp.2d 571 (W.D.N.Y.2003); Alston v. Ricks, 2003 WL 42144, at *7 (S.D.N.Y. Jan.3, 2003) (holding that guilty plea precluded petitioner's claim regarding prosecutorial misconduct before the grand jury); Ballard v. Costello, 2001 WL 1388297, at *8 (E.D.N.Y. Nov.2, 2001) (holding that "[petitioner's] guilty pleas cured any possible deficiencies in the grand jury proceeding"). In other words, where a habeas petitioner has entered a voluntary and knowing guilty plea while represented by competent counsel, any non-jurisdictional defects, including defects with regard to grand jury proceedings, are waived. See Jordan v. Dufrain, No. 98 Civ. 4166(MBM), 2003 WL 1740439, at *3 (S.D.N.Y. Apr.2, 2003) (concluding that the petitioner had "admitted his guilt when he entered his guilty plea, and thus any errors in the grand jury proceedings were rendered harmless") (citing, inter alia, Alston v. Ricks, No. 01 Civ. 9862(GWG), 2003 WL 42144, at *7 (S.D.N.Y. Jan.7, 2003) ("[A] guilty plea extinguishes the ability of a habeas petitioner to raise a claim regarding misconduct before a grand jury."); Lloyd v. Walker, 771 F.Supp. 570, 576-77 (E.D.N.Y.1991) ("Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any error in the proceeding which led to his indictment is, as Lopez v. Riley teaches, rendered harmless, and is not a cognizable claim in a federal habeas proceeding.").

Accordingly, Petitioner's third claim for habeas relief should be DISMISSED.[5]

### d.    Ground Four: Defective Indictment

In Petitioner's fourth claim for habeas relief, he claims that the indictment returned by the Grand Jury was defective for listing prior offenses that he committed.   Even assuming that Petitioner is attempting to raise a challenge to the trial court's  jurisdiction, his claim would still fail.   In order to do so, a petitioner who has pleaded guilty must establish that the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge an offense under state law.  See Hayle, 815 F.2d at 882 (citing United States v. Santelises, 476 F.2d 787, 788 (2d Cir. 1973)(holding that a *coram nobis* attack on guilty plea based on alleged failure of indictment to allege violations of federal law must be rejected " 'unless [the indictment] is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted' ") (quotation and other citation omitted).

Petitioner has failed to make such a showing in this case.   Accordingly, for this reason and for the reasons set forth above addressing Petitioner's Ground Three in Section III (B)(1)(c) of this decision, this claim should also be DISMISSED.

### e.    Ground Five: Indictment Defective for Perjured Testimony

In Petitioner's fifth ground for habeas relief, he claims that the prosecutor permitted perjured testimony before the grand jury.  In this claim, Petitioner is asserting the same arguments with respect to alleged defects in the grand jury proceeding that were discussed above. For all of the reasons stated above addressing Petitioner's Ground Three in Section III (B)(1)(c), this claim should be DISMISSED.

---

[5]Additionally, this claim also appears to be procedurally barred.

### f.       Ground Six: Assistance of Trial Counsel in Pretrial Motions

Petitioner's sixth claim asserts ineffective assistance of trial counsel in the filing of pretrial discovery motions.  Petitioner claims that his attorneys failed to assist adequately when they did not file any pretrial discovery motions with respect to whether there was probable cause to stop his vehicle.  See (Docket No. 12 at 9-10).

To the extent that this claim is asserting Fourth Amendment violations, it must be dismissed.  As set forth above, because the stop of Petitioner's car occurred prior to the entry of his guilty plea and because it is a non-jurisdictional issue, Petitioner's Fourth Amendment claim regarding probable cause was waived by entry of his guilty plea. LaMagna v. United States, 646 F.2d at 778.

In any event, to prevail on an ineffective assistance of counsel claim, Petitioner can not satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In order to establish that counsel's performance was constitutionally deficient, the petitioner must demonstrate that the representation he received "fell below an objective standard of reasonableness." Id. at 687-88.

Second, the petitioner must show that counsel's deficient performance prejudiced his defense. Id. at 692. To demonstrate prejudice, Petitioner must prove that, "but for" counsel's errors, there was a reasonable probability that the outcome of the proceeding would have been different. Id. at 694. Failure to satisfy either requirement of Strickland is fatal to a petitioner's claim of ineffective assistance. See id. at 696 ("[T]here is no reason

13

for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.").

The Strickland standard applies to claims of ineffective assistance raised by defendants convicted pursuant to a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); accord, e.g., United States v. Couto, 311 F.3d 179, 187 (2d Cir.2003).  In the context of a guilty plea, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59.  To demonstrate "prejudice," the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

As the Second Circuit has noted, "an evaluation of ineffective assistance of counsel usually begins with an examination of the strength of the Government's case." United States v. Helgesen, 669 F.2d 69, 71 (2d Cir.1982).  Based upon this Court's review of the record below, Petitioner has failed to establish convincing proof of any actual weaknesses in his case which his attorney disregarded or failed to exploit; to the contrary, it appears that the prosecution had a fairly substantial amount of credible proof against Petitoner, including his own oral inculpatory statement that he was intoxicated and did not have a license, the arresting police officer's observations of Petitioner's intoxication,  and chemical analysis of his breath showing a violative amount of alcohol in his system.  (P at 4).  Counsel's advice to Petitioner to plead guilty, given the charges against him, the strength of the prosecution's case, and the offer extended to him, "was within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. at 771.

14

Moreover, Petitioner obtained, with his attorney's assistance, a favorable plea deal. He plead guilty to only two of the five charged felonies on two indictments.  His plea was in satisfaction of both indictments against him. (P at 2-7).  His plea involved a sentence commitment of concurrent sentences of two and one-third to seven years, and a fine of two thousand dollars for each count, as well as having his licensed revoked.  (P at 2-7). He faced a much greater sentence, and the possibility of consecutive terms of imprisonment had he proceeded to trial and been convicted on the charges in the indictment. See Feliz v. United States, 2002 WL 1964347, *7 (S.D.N.Y.) ("[B]y pleading guilty Feliz received significant benefits, including a three-point reduction for acceptance of responsibility and no enhancement for obstruction. No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial.") (citing Moran v. United States, No. 96 Civ. 3657, 1998 WL 54616, at *5 (S.D.N.Y. Feb.10, 1998)); Scott v. Superintendent, Mid-Orange Corr. Fac., 2006 WL 3095760, *9 (E.D.N.Y. Oct.31, 2006)).

Finally, the Court notes that Petitioner explicitly stated in his allocution that he fully understood the consequences of his plea and that he had chosen to plead guilty after a thorough consultation with his attorney.  (P at 2-5).   A district court on habeas review may rely on a petitioner's sworn statements and hold him to them. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at ... a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly

15

incredible.") (citations omitted). Petitioner's claim of ineffective assistance of counsel appears to be based on nothing more than his after-the-fact dissatisfaction with the prosecution's plea offer and the resultant term of incarceration, which does not constitute a valid basis on which to find that his counsel was ineffective. Accord Albanese, 415 F.Supp.2d at 254 (citing United States v. Garguilo, 324 F.2d 795, 797 (2d Cir.1963) ("A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence.")). Accordingly, the Court recommends that Petitioner's claim that he received ineffective assistance of counsel be DISMISSED as without merit.

### g.   Ground Seven: Ineffective Assistance and Assignment of Counsel

In Petitioner's seventh ground for habeas relief, he claims that he received ineffective assistance of counsel when his first counsel was replaced by counsel from the same public defender's office. This claim replicates the ineffective assistance of counsel claim addressed above. Therefore, for all the reasons set forth above in Section III(B)(1)(f), Petitioner's claim of ineffective assistance of counsel with respect to assignment should be DISMISSED.

### 2.   Ground Eight: Exculpatory Material

In Petitioner's eighth ground for habeas relief, he asserts that the prosecution's withholding of a videotape of his arrest prevented him from making a knowing and voluntary plea.  Petitioner asserts that the videotape showed that he requested an attorney before his blood alcohol level was tested.

The United States Supreme Court has held that it is a violation of the accused's

constitutional right to due process for the Government, in good faith or in bad faith, to withhold any material, exculpatory evidence whether or not the defendant explicitly requests this evidence. See <u>Brady v. Maryland</u>, 373 U.S. at 87 (holding that the prosecution's suppression of requested evidence favorable to the defendant violates due process, notwithstanding the prosecution's good faith); <u>United States v. Agurs</u>, 427 U.S. 97, 106, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (holding that prosecution's failure to disclose material, exculpatory evidence, even if it is not requested by the defendant, constitutes a due process violation); <u>United States v. Bagley</u>, 473 U.S. 667, 682, 684, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (holding that the prosecution's failure to disclose evidence, which, if admitted, would have had a reasonable probability of resulting in a different verdict, is grounds for granting a petition under 28 U.S.C. § 2255). The Supreme Court has explained that "[t]here are three components to a true <u>Brady</u> violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

Exculpatory evidence is "material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" <u>Strickler v. Greene</u>, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (quoting <u>United States v. Bagley</u>, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). A petitioner is only entitled to relief if the prosecution's failure to turn over <u>Brady</u> material "undermines confidence in the outcome of the trial." <u>Kyles v. Whitley</u>, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting <u>Bagley</u>, 473 U.S. at 678).

17

In this case, the Court has exceptional difficulty envisioning a different outcome even if Petitioner had possession of the videotape.  Petitioner was stopped and arrested for operating a vehicle without a license while under the influence of alcohol.  The arresting officer smelled alcohol coming from the car.  (PH[6] at 4).   Petitioner admitted when he was stopped that he was drunk and that he didn't have a license.  (PH at 5-6).  The arresting officer noticed that his speech was "very slurred." (PH at 5).  Petitioner also had a previous record of driving while intoxicated.  Additionally, Petitioner knew of the contents of the videotape and apparently chose not to pursue the issue or to call any witnesses to the fact that he requested an attorney before his breathalyzer.

Therefore, even if Petitioner had possession of the videotape, it is unlikely that the outcome of the case would have been any different.  There is no reasonable probability that Petitioner would have plead not guilty and gave up his highly favorable plea bargain of concurrent sentences with the evidence that existed even absent the breathalyzer.

Additionally, even assuming that the videotape was <u>Brady</u> material, there is no mandate under the federal constitution that such information be disclosed prior to trial or at any specific time. Neither the Second Circuit nor the Supreme Court has specified the timing of disclosure that <u>Brady</u> requires, but it is clearly established that "disclosure prior to trial is not mandated." <u>Leka v. Portuondo</u>, 257 F.3d 89, 100 (2d Cir.2001) ("It is not feasible or desirable to specify the extent or timing of disclosure <u>Brady</u> and its progeny require, except in terms of the sufficiency, under the circumstances, of the defense's opportunity to use the evidence when disclosure is made.") (citations omitted).

---

[6]References preceded by "PH" are to the transcript pages of Petitioner's Preliminary Hearing held on June 25, 2003.

Accordingly, this claim for habeas relief should also be DISMISSED.

### 3.      Ground Nine: Pre-sentence Report

In Petitioner's ninth ground for habeas relief, he claims that he was denied his statutory right to view his pre-sentence report.    However, a claim that a petitioner was not allowed to view a pre-sentence report is purely a state law claim. Specifically, such a claim is based upon § 390.50(2)(a) of the New York Criminal Procedure Law, which requires that a pre-sentence report be made available for defense inspection no later than one day prior to sentencing.

State law claims are not available for review in habeas corpus actions.  See 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); Estelle v. McGuire, 502 U.S. at 68, 112 S.Ct. 475 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").  Accordingly, Petitioner's ninth ground for habeas relief should be DISMISSED.

### 4.      Ground Ten: Accuracy of Transcripts

Petitioner's tenth ground for habeas relief asserts that he was denied his statutory right to contest the accuracy of his transcripts.  This is also a state law claim that is not cognizable on habeas review.

Petitioner's claim is based upon § 5525 of the New York Civil Practice Law and Rules, which sets forth the procedure for a motion to settle the transcript.  As set forth

above, state law claims are not available for review in habeas corpus actions.  See 28 U.S.C. § 2254(a).  Accordingly, Petitioner's tenth ground for habeas relief should also be DISMISSED.

**5.      Ground Eleven: Denial of Appeal of Prosecution Withholding Videotape**

Petitioner's eleventh ground for habeas relief is that he was denied review of and the right to appeal the prosecution's withholding of the videotape discussed above in Petitioner's Ground Eight. In the interest of judicial economy, and because the issues presented by this claim were addressed above, for all of the reasons discussed in Section III (B)(2), Petitioner's eleventh ground for habeas relief should be DISMISSED.

**IV. CONCLUSION**

For the reasons stated above, the Court recommends Donahue Miller's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed.  Additionally, Petitioner's Motion for Discovery (Docket No. 16) with respect to the videotape is DENIED.   Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:        October 30, 2007

              Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties. Additionally, Petitioner's Motion for Discovery (Docket No. 16) with respect to the videotape is DENIED.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was

not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc.

v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).


SO ORDERED.

October 30, 2007

Victor E. Bianchini
United States Magistrate Judge

22